**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Leonardo RAMIREZ–OROZCO, also known as Paul Jacob Ramirez,
Defendant–Appellant.**

**No. 04–41161
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 2005.

James P. Turner, Washington, DC, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Leonardo Ramirez–Orozco ("Ramirez") appeals his 57–month sentence imposed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

following his guilty-plea conviction for attempted illegal reentry into the United States after having been previously deported. For the first time on appeal, Ramirez argues that his sentence is unconstitutional, in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because his sentence was increased based upon facts that he did not admit. Specifically, he contends that the district court's determination, pursuant to U.S.S.G. § 4A1.1(d), that he was on parole at the time he committed the instant offense violated his Sixth Amendment rights. He further contends that his sentence is unconstitutional because it was imposed pursuant to a mandatory application of the sentencing guidelines.

We review for plain error. *See United States v. Mares*, 402 F.3d 511, 520–21 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517); *United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556). Ramirez's argument that the *Booker* errors are structural and insusceptible of harmless error analysis has been rejected by this court. *See United States v. Martinez–Lugo*, 411 F.3d 597, 601 (5th Cir.2005). Ramirez's alternative argument that any *Booker* error should be presumed prejudicial has also been rejected by this court. *Id.* Thus, Ramirez must show: (1) an error; (2) that is clear or plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity or public reputation of his judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Ramirez makes no showing that the district court would likely have sentenced him differently under the *Booker* advisory scheme. Similarly, there is no indication from the court's remarks at sentencing that the court would have reached a different conclusion. Thus, Ramirez has not demonstrated that his substantial rights were affected, and he has thus failed to carry his burden under plain-error review. *See Mares*, 402 F.3d at 521–22; *Valenzuela–Quevedo*, 407 F.3d at 733–34.

As he concedes, Ramirez's argument that the sentencing provisions of 8 U.S.C. § 1326(b) are unconstitutional is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See Apprendi v. New Jersey*, 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

AFFIRMED.